UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELVIN ARRINGTON; SHANTA GREEN,<br><br>                          Plaintiffs,<br><br>-against-<br><br>MZ 2640 OWNER LLP; DESIREE PARKEY;<br>MZ HOUSING DEVELOPMENT OF FUND<br>CO.,<br><br>                          Defendants. | 24-CV-2528 (LTS)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Kelvin Arrington, who is appearing *pro se*, brings this action invoking the Americans with Disabilities Act (ADA) and the False Claims Act.[1] He also brings state law claims for defamation and harassment. Plaintiff alleges that Defendants brought a state court eviction proceeding against him, in which they falsely asserted that his subsidized apartment was not his primary residence and that Shanta Green was operating a day care business in the unit.

By order dated April 5, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

---

[1] Because the Court below dismisses Shanta Green, who has not signed the complaint, the Court refers to Kelvin Arrington as Plaintiff in this action.

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

BACKGROUND

Plaintiff Kelvin Arrington rents a subsidized apartment at 2640 Frederick Douglas Boulevard #6B in Manhattan.[2] Defendants MZ 2640 Owner L.P. and MZ Housing Development Fund Co. own the property, which is described as a "project-based Section 8 apartment." (ECF 1 at 12, 26.) The property manager, Desiree Pankey, "constantly badgered" Plaintiff (*id.* at 5, 27), and Plaintiff "was accused" of allowing Shanta Green to operate a daycare business illegally in the apartment. (*Id.*) Plaintiff states that Defendants are aware that he "is disabled and receive[s] Social Security." (*Id.* at 6.)

In March 2023, Defendants filed suit in Housing Court, in which they alleged, among other things, that Plaintiff's primary residence was in New Jersey. (*Id.* at 17.) A neighboring tenant in the building "testified to lies."[3] Plaintiff attaches what appears to be a February 22, 2024 decision from the Housing Court, which states that the property owners had not adduced sufficient evidence to prove either (1) that Green resided in Plaintiff's apartment and failed to report her earned income, or (2) that Plaintiff "did not live in the subject premises." (*Id.* at 31.)

Plaintiff contends that his "unpaid rent [was] satisfied during the judicial process." (*Id.* at 6.) He seeks "compensatory & punitive damages for defamation & harassment." (*Id.*) He also seeks to reinstate his "subsdidies for [the] disabled" and to be relocated to an apartment with a walk-in shower. (*Id.* at 6.) He invokes the ADA and the False Claims Act, as well as state law.

---

[2] According to Plaintiff, his monthly rent is $291.00.

[3] Plaintiff attaches to the complaint a decision of the Housing Court stating that a neighbor testified that "she sees parents dropping kids off at 8:30 or 9 and picking them up at 3:30 or 4." (*Id.* at 29.)

3

## DISCUSSION

**A.     Shanta Green**

Shanta Green is listed as a co-plaintiff in the caption of the complaint but only Plaintiff Kelvin Arrington has signed the complaint. As a nonlawyer, Plaintiff can only represent his own interests. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (internal quotation marks and citation omitted); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)) (noting that § 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'"). The Court therefore dismisses without prejudice any claims Plaintiff is asserting on behalf of Green. If Plaintiff chooses to file an amended complaint, he should list himself as the sole Plaintiff unless Green also chooses to pursue any claims that she may have arising from the same facts and signs the amended complaint.

**B.     Americans with Disabilities Act**

Plaintiff invokes the ADA as the basis for his claims. The ADA consists of three parts: Title I, 42 U.S.C. § 12111 *et seq.*, which prohibits discrimination in employment; Title II, 42 U.S.C. § 12131 *et seq.*, which prohibits discrimination by public entities, such as state and local governments; and Title III, 42 U.S.C. § 12181 *et seq.*, which prohibits discrimination in access to public accommodations operated by private entities. *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001).

For purposes of Title III of the ADA, public accommodations are defined to include, among other things, "any inn, hotel, motel, or other establishment which provides lodging to transient guests." 42 U.S.C. § 2000a. Residential housing does not qualify as a public

accommodation. 42 U.S.C. § 2000a(b); *Reid v. Zackenbaum*, No. 05-CV-1569 (FB), 2005 WL 1993394, at *4 (E.D.N.Y. Aug. 17, 2005) ("A residential facility, such as an apartment, is not a public accommodation under the ADA."). Plaintiff's ADA claims against two private entities, MZ Housing Development Fund Company, Inc., and MZ 2640 Owner LLP, relate to his residential apartment. Because an apartment is not a public accommodation, Plaintiff's allegations fail to state a claim against these Defendants under Title III of the ADA.

Title II of the ADA, which prohibits discrimination by public entities, covers some public housing, such as housing provided by the New York City Housing Authority. *See Reid*, 2005 WL 1993394, at *4. Plaintiff, however, does not allege that a public entity provides his housing, and his ADA claims are asserted against private entities. Plaintiff's allegations are therefore insufficient to state a claim that a public entity discriminated against him in violation of Title II of the ADA. The Court therefore dismisses Plaintiff's ADA claims for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii)

**C.     False Claims Act**

Plaintiff alleges that Defendants made false allegations against him in state court proceedings related to his housing. On this basis, he invokes the False Claims Act (FCA). The FCA imposes civil liability on a person who, among other things, knowingly presents, or causes to be presented, to an officer or employee of the federal government, a false or fraudulent claim for payment or approval. 31 U.S.C. § 3729(a). Where there has been such fraud on the federal government, the United States or a private party may bring a civil action. 31 U.S.C. § 3730(a), (b)(1). "A private enforcement action under the FCA is called a *qui tam* action, with the private party referred to as the 'relator.'" *U.S. ex rel. Eisenstein v. City of New York, New York*, 556 U.S.

928, 93 (2009) (citing *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 769 (2000)).[4]

A *qui tam* action under the FCA is brought for and in the name of the United States, which remains the real party in interest. *See, e.g.*, *United States ex rel. Eisenstein v. City of New York*, 540 F.3d 94, 101 (2d Cir. 2008) (holding that in *qui tam* actions, "relators have standing to sue not as agents of the United States, but as partial-assignees of the United States' claim to recovery"). A litigant can proceed *pro se*, however, only when bringing his own case. See *Flaherty*, 540 F.3d at 92 ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (internal quotation marks and citation omitted). "Because relators lack a personal interest in False Claims Act *qui tam* actions, . . . they are not entitled to proceed *pro se*." *Id.* at 93; *see also Klein v. City of New York*, No. 10-CV-9568, 2012 WL 546786, at *5 (S.D.N.Y. Feb. 21, 2012) ("[A] pro se plaintiff[] lacks standing as a relator in a *qui tam* action pursuant to the FCA."). The Court therefore dismisses Plaintiff's claims under the FCA because he cannot pursue such an action *pro se*.[5]

D.   **Supplemental State Law Claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

---

[4] When a relator initiates such an action, the United States is given 60 days to review the claim and decide whether it will "elect to intervene and proceed with the action," 31 U.S.C. §§ 3730(b)(2), (b)(4); *see also* 31 U.S.C. § 3730(c)(3) (permitting the United States to intervene even after the expiration of the 60–day period "upon a showing of good cause"). If the United States intervenes, the relator has "the right to continue as a party to the action," but the United States acquires the "primary responsibility for prosecuting the action." § 3730(c)(1). If the United States declines to intervene, the relator retains "the right to conduct the action." § 3730(c)(3). The United States is thereafter limited to exercising only specific rights during the proceeding.

[5] Plaintiff's FCA claim is also subject to dismissal because he has not alleged any facts suggesting that a false or fraudulent claim was submitted to the federal government for approval.

Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Having dismissed the federal ADA and FCA claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Claims for disability discrimination in housing can arise under both the Rehabilitation Act and the Fair Housing Act.[6] The Court therefore grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

---

[6] The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a). The Fair Housing Act provides that it is unlawful to "discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of ... that buyer or renter." 42 U.S.C. § 3604(f)(1). Plaintiff does not allege any facts about his disability or facts suggesting that Defendants brought the holdover action because of his disability, and the Court therefore declines to construe Plaintiff's allegations as giving rise to claims under these statutes.

Plaintiff mentions in passing that he seeks an accommodation for his disability (namely, a walk-in shower), but he does not plead any facts showing that he requested such an accommodation. The Court thus grants Plaintiff leave to amend to replead claims of disability discrimination in violation of federal law in connection with his housing.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses Plaintiff's federal claims, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead. The Court declines, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction of any state law claims.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   July 8, 2024
           New York, New York

                                                  /s/ Laura Taylor Swain
                                                   LAURA TAYLOR SWAIN
                                            Chief United States District Judge